JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUALUN WANG and HUA SUN, individuals; HUALUN WANG as Successor in Interest to the survival action of Peng Wang (decedent),<br><br>      Plaintiffs,<br>  v.<br>UNIVERSITY OF SOUTHERN CALIFORNIA; TING SU; BINGLIANG LI; and DOES 1-25, INCLUSIVE,<br><br>      Defendants. | Case No. 2:22-cv-07710-SPG-AFM<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [ECF NO. 20]** |

  Before the Court is Plaintiffs' motion to remand to the Superior Court of California for the County of Los Angeles on the basis that Defendants have not established federal enclave jurisdiction. (ECF No. 20). Defendants oppose. (ECF No. 24-1). The Court has read and considered the matters raised with respect to the motion and determined that this matter is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. For the reasons stated below, the Court **GRANTS** Plaintiffs' Motion to Remand.

## I. BACKGROUND

This case stems from the death of Peng "Aaron" Wang while filming a University of Southern California ("USC") student film at the Imperial Sand Dunes Recreation Area ("Imperial Dunes"). Plaintiffs Hualun Wang, individually and as successor in interest to Aaron Wang, and Hua Sun ("Plaintiffs") commenced this case in the Superior Court of California, County of Los Angeles. (ECF No. 1-2). Plaintiffs brought state law claims against USC for its failure to properly supervise the incident and against USC students Su and Li for their role in Aaron's death. (*Id.*). The parties agree that the entire incident occurred at the Imperial Dunes.

On October 21, 2022, USC removed this action on the basis that the Imperial Dunes is a federal enclave pursuant to 28 U.S.C. § 1331. (ECF No. 1 ("NOR")). Defendants Su and Li filed joinders to the NOR. (ECF Nos. 13, 16). On November 21, 2022, Plaintiffs timely filed the instant motion to remand. (ECF No. 20 ("Mot.")). USC opposed on January 18, 2023, (ECF No. 24-1 ("Opp.")), and Plaintiffs replied on January 25, 2023. (ECF No. 25 ("Reply")).

## II. LEGAL STANDARD

To remove a case from a state court to a federal court, a defendant must file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id*. § 1331.

The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). There is a strong presumption against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right

of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).

### III. REQUEST FOR JUDICIAL NOTICE

A court may take judicial notice of facts not subject to reasonable dispute in that they are generally known within the territorial jurisdiction of the court or they are capable of ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). A court may take judicial notice of court filings and other matters of public record. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citing *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)). This includes records and documents available from "reliable sources on the internet." *Gerritsen v. Warner Bros. Ent., Inc.*, 112 F.Supp.3d 1011, 1033 (C.D. Cal. 2015). A court may also judicially notice information and documents that are "made publicly available by government entities [ ], and neither party disputes the authenticity of the websites or the accuracy of the information displayed therein." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010).

In support of their opposition to Plaintiffs' Motion, Defendants request the Court take judicial notice of certain facts and documents establishing that the Imperial Dunes is federal land owned and managed by the federal government. (ECF No. 24 ("RJN")). Plaintiffs largely oppose Defendant's RJN. (ECF No. 26). Because the Court finds the facts and documents Defendants request it take judicial notice of are not necessary to the decision on this motion, it denies the requests for judicial notice. *See Great Basin Mine Watch v. Hankins*, 456 F.3d 955, 976 (9th Cir. 2006) (district court may deny judicial notice of documents it does not rely upon and which are not pertinent or necessary to its ruling on motion to dismiss).

### IV. DISCUSSION

For there to be federal question jurisdiction over this dispute, Defendants bear the burden of demonstrating either (1) that the Imperial Dunes is a federal enclave subject to exclusive federal jurisdiction or (2) Plaintiffs' state law claims raise a substantial federal

interest. *See Lake v. Ohana Mil. Communities, LLC*, 14 F.4th 993, 1003 (9th Cir. 2021); *Allstate Ins. Co. v. S. Cal. Edison Co.*, No. CV 21-4994 MWF, 2021 WL 5356633, at *3 (C.D. Cal. Nov. 15, 2021). The Court addresses each in turn.

### A. Federal Enclave Jurisdiction

"Federal enclave jurisdiction refers to the principle that federal law applies in federal enclaves." *City & Cnty. of Honolulu v. Sunoco LP*, 39 F.4th 1101, 1111 (9th Cir. 2022) (citing U.S. Const. art. I, § 8, cl. 17 (the "Enclave Clause")). "Land is a federal enclave when the United States acquires it by purchase or condemnation for any of the purposes mentioned in Article I, section 8, clause 17 of the U.S. Constitution, within the borders of a State." *Beltran v. Inter-Con Sec. Sys., Inc.*, No. 2:21-cv-04927-VAP-(AFMx), 2021 WL 4170128, at *2 (C.D. Cal. Sept. 13, 2021) (citing *Paul v. United States*, 371 U.S. 245, 264 (1963)). The Enclave Clause's purpose is to emphasize the "obvious" "necessity" of the federal government's "complete jurisdiction" over certain areas of land within a state. *Ft. Leavenworth R. Co. v. Lowe*, 114 U.S. 525, 528–29 (1885). The Ninth Circuit has instructed courts to "invoke the doctrine of federal enclave jurisdiction narrowly." *City & Cnty. of Honolulu*, 39 F.4th at 1111 (citing *Cnty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 749-50 (9th Cir. 2022))

Generally, when the federal government acquires state land, that land becomes a federal enclave governed by federal law. *Id*. "This means a federal court may have federal question jurisdiction based on injuries arising from conduct on the enclave." *Id*. The Ninth Circuit has recently clarified that federal question jurisdiction arises only in federal enclaves which the United States has retained *exclusive* federal jurisdiction, but not in enclaves in which Congress has permitted concurrent jurisdiction. *Lake v. Ohana Mil. Communities, LLC*, 14 F.4th 993, 1003 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 2815 (2022). "Exclusive jurisdiction can be acquired by the United States over land within a state in three ways: (1) by purchase or donation of property with the consent of the state as provided in the United States Constitution; (2) by a reservation of jurisdiction by the United States upon the admission of the state into the union; and (3) the state's cession, together

with the United States acceptance, of such jurisdiction." *Coso Energy Devs. v. Cnty. of Inyo*, 122 Cal. App. 4th 1512, 1520 (2004) (internal citations omitted). "A federal enclave is governed exclusively by federal law unless otherwise provided." *Franklin v. Pacificorp*, No. 2:22-cv-00465-MCE-CKD, 2022 WL 2303974, at *3 (E.D. Cal. June 27, 2022) (quoting *Hillman v. Leixcon Consulting, Inc.*, No. LA-16-CV-001186, 2016 WL 10988766, at *4 (C.D. Cal. 2016)).

### B. The Imperial Dunes is not Subject to Exclusive Federal Jurisdiction

To determine whether the United States has retained exclusive jurisdiction over the Imperial Dunes, the Court begins with the history of the land. In 1848, the United States acquired the land encompassing the Imperial Dunes pursuant to the Treaty of Guadalupe Hidalgo. *See Franklin*, 2022 WL 2303974, at *3; *Thompson v. Doaksum*, 68 Cal. 593, 596 (1886) ("The lands within the territorial limits of the state of California were ceded to our general government by the republic of Mexico under the treaty of Guadalupe Hidalgo of February 2, 1848."). "From 1848 until California's admission to the Union, the United States 'possessed the rights of a proprietor and had political dominion and sovereignty' over the land." *Hillman*, 2016 WL 10988766, at *3 (citing *Ft. Leavenworth*, 114 U.S. at 526). In 1850, the United States admitted California to the union. *See* Act for the Admission of the State of California into the Union, 9 Stat. 452 (Sept. 9, 1850) (the "Act"). Defendants contend that the United States has retained ownership of California's public lands upon California's admission into the union pursuant to the Act.[1] (Opp. at 4; RJN ¶¶ 1, 2). Even if so, multiple courts within the Ninth Circuit have held that, "[i]n 1850, when the United States admitted California to the Union, it did not reserve exclusive jurisdiction over federal lands within California." *Hillman*, 2016 WL 10988766, at *3 (citing the Act); *see also, e.g.*, *Franklin*, 2022 WL 2303974, at *4 (holding the United States did not reserve exclusive jurisdiction to itself under the Act); *Graupner v. Lewis Ltd. Consultants, LLC.*, No. ED CV 12-1388-JFW (OPx), 2012 WL 12895714, at *2 (C.D. Cal.

---

[1] Defendants appear to erroneously conflate federal ownership of State land with exclusive federal jurisdiction over that land.

Oct. 26, 2012) ("when the United States admitted California into the Union, it did not reserve exclusive jurisdiction over the federal lands within the state, and therefore retained only the rights of an ordinary proprietor"). Thus, whether the United States retained ownership of the Imperial Dunes since 1850 does not establish that the land is subject to exclusive federal jurisdiction. And because the Act did not reserve exclusive jurisdiction, the only means by which the Imperial Dunes may qualify as a federal enclave would be California's "cession, together with the United States acceptance, of such jurisdiction." *Coso Energy*, 122 Cal. App. 4th at 1520.[2]

     Defendants argue that Congress' creation of the California Desert Conservation Area ("CDCA") was intended to assert "exclusive jurisdiction and control" over the Imperial Dunes. (Opp. at 4-5 (citing 43 U.S.C. § 1781)). Specifically, Defendants point to § 1781 subsection (h) to argue that the federal government placed the CDCA, which encompasses the Imperial Dunes, under exclusive federal jurisdiction. (*Id.*). That section provides that the Secretaries of Agriculture and Defense "shall manage lands within their respective jurisdictions located in or adjacent to the California Desert Conservation Area." 43 U.S.C. § 1781(h). Contrary to Defendants' assertion, Congress' enactment of § 1781 does not show that California has somehow "ceded or consented to jurisdiction of the federal government" over the Imperial Dunes, or that the federal government has accepted jurisdiction and exercised its control over the land. (Opp. at 5). Instead, § 1781 simply instructs the Secretaries of Agriculture and Defense to manage lands within their already-established jurisdictions in the CDCA. Moreover, as Plaintiffs point out, Defendants do not cite any state session statute, purchase documents, or other competent evidence that California has ceded the Imperial Dunes to the United States. *Cf. Perez v. DNC Parks & Resorts at Asilomar, Inc.*, No. 1:19-cv-00484-DAD-SAB, 2019 WL 5618169, at *5 (E.D. Cal. Oct. 31, 2019) (finding that Kings Canyon National Park was subject to exclusive

---

[2] Defendants do not argue that the first method of acquiring exclusive jurisdiction—by purchase or donation of property with the consent of the state as provided in the United States Constitution—has occurred.

federal jurisdiction as a federal enclave based on California's passing 1943 Cal. Stat. 801, which provides that exclusive jurisdiction shall be ceded to the United States over and within all of the territory set aside and dedicated for park purposes by the United States as 'Kings Canyon National Park.' (internal quotation marks and alterations omitted)). Thus, the Court cannot construe § 1781 as accepting federal jurisdiction over the CDCA absent evidence that California ever ceded that land in the first place. Accordingly, the Court rejects Defendants' argument that Congress asserted exclusive federal jurisdiction over the Imperial Dunes or surrounding CDCA through its enactment of § 1781.

Alternatively, Defendants argue that even if the CDCA does not establish the Imperial Dunes as a federal enclave subject to exclusive federal jurisdiction, federal question jurisdiction exists nevertheless because the federal government has "partial legislative jurisdiction" over the Imperial Dunes based on California's cessation statute enacted in 1891. (Opp. at 6 (citing Act of Mar. 3, 1891, ch. 181, 1891, Cal. Stat. 262 (the "1891 Statute"))).[3] Defendants are correct that a federal enclave may be subject to concurrent state jurisdiction rather than exclusive federal jurisdiction. *Lake*, 14 F.4th at 1003; *City & Cnty. of Honolulu*, 39 F.4th at 1111 (citing *Lake*). However, the Ninth Circuit's recent decision in *Lake* conclusively holds that federal question jurisdiction under 28 U.S.C. § 1331 arises only in enclaves with *exclusive* federal jurisdiction. *See Lake*, 14 F.4th at 1003 ("We have only found federal question jurisdiction in enclaves in which Congress has not permitted concurrent jurisdiction, and we have not extended that rule to federal land that is subject to broad state concurrent jurisdiction."); *Allstate*, 2021 WL 5356633, at *5 (observing that the *Lake* court "overturned a grant of federal enclave jurisdiction and explained that federal enclave precedent is limited to situations where the United States has exclusive jurisdiction – not concurrent jurisdiction"). Therefore,

---

[3] The parties do not dispute that the 1891 Statute did not transfer exclusive jurisdiction to the United States. *Accord Coso Energy Devs. v. Cnty. of Inyo*, 122 Cal. App. 4th 1512, 1520 (2004); *Franklin*, 2022 WL 2303974, at *4; *Hillman*, 2016 WL 10988766, at *4; *Graupner*, 2012 WL 12895714, at *2 n.3.

Defendants are incorrect that federal question jurisdiction exists over Plaintiffs' state law claims due to California's "partial legislative jurisdiction" over the Imperial Dunes. And because federal question jurisdiction arises only where the federal government retains exclusive jurisdiction—not concurrent—over a federal enclave, neither the CDCA nor the 1891 Statute can support Defendants' removal in this case. *See Lake*, 14 F.4th at 1003. Accordingly, the Court finds that Defendants have not met their burden to establish federal question subject matter jurisdiction on that basis.

### C. Whether a Substantial Federal Interest Exists

Given that *Lake* forecloses exercising federal question jurisdiction over a non-exclusive federal enclave, for the Court to determine whether it has jurisdiction over Plaintiffs' state law claims it must analyze the requirements as set forth by the Supreme Court in *Gunn v. Minton*, 568 U.S. 251, 258 (2013). *See Allstate*, 2021 WL 5356633, at *6. In *Gunn*, the Supreme Court held that a "special and small category" of state law cases may be brought in federal court so long as certain requirements are met. *Gunn*, 568 U.S. at 257-58. Those requirements are that a "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Lake*, 14 F.4th at 1007 (citing *Gunn*, 568 U.S. at 258).

Here, Defendants have failed to address any of the *Gunn* factors. Instead, Defendants assert that, "[b]ecause Plaintiffs' claims are based on alleged acts that occurred on a federal enclave and because the federal government has a substantial interest in that enclave and the claims arising on it, this Court has jurisdiction to hear this controversy pursuant to 28 U.S.C. Section 1331." (Opp. at 8). However, the fact that the incident underlying this dispute occurred in the Imperial Dunes within the CDCA, without more, does not necessarily raise a federal question. Further, Defendants fail to explain how the issue underlying Plaintiffs' negligence-based claims against USC in a suit where the United States is not a party creates a federal interest that is "substantial." "To meet their burden for substantiality, Defendants must show that the issue is important to the federal system

as a whole." *Allstate*, 2021 WL 5356633, at *6 (citing *Gunn*, 568 U.S. at 260). This, Defendants have not shown. Accordingly, the Court finds that Defendants have not satisfied the *Gunn* requirements, as is their burden as the removing party. *Emrich*, 846 F.2d at 1195.

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Remand.

**IT IS SO ORDERED.**

DATED: February 9, 2023

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE